# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL S. OWL FEATHER-GORBEY,  :     Civil No. 3:20-cv-1713
                                  :
                 Plaintiff        :     (Judge Mariani)
                                    :
     v.                             :
                                    :
DR. JOANNA MARIE OLSON, *et al.*,    :
                                    :
           Defendants   :

## MEMORANDUM

Plaintiff, Michael S. Owl Feather-Gorbey ("Gorbey"), a federal inmate incarcerated at the United States Penitentiary, Lewisburg, Pennsylvania ("USP-Lewisburg"), initiated the instant action pursuant to *Bivens*[1], 28 U.S.C. § 1331, and the Federal Tort Claims Act ("FTCA")[2]. (Doc. 1). At the same time he filed the complaint, Gorbey filed a motion (Doc. 2) for leave to proceed *in forma pauperis*. Gorbey is a prolific filer who is subject to the three strikes provision set forth in 28 U.S.C. § 1915(g). Accordingly, he may not proceed *in forma*

---

[1] *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal-question jurisdiction of the district courts to obtain an award of monetary damages against the responsible federal official." *Butz v. Economou*, 438 U.S. 478, 504 (1978).

[2] The FTCA vests exclusive jurisdiction in district courts for claims against the United States for money damages involving "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).

*pauperis* unless he was in imminent danger of serious physical injury at the time he filed his complaint. *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 310-11 (3d Cir. 2001) (en banc).

Review of the complaint has been undertaken and, as set forth in detail below, Gorbey has not sufficiently alleged or shown that he is in imminent danger of serious bodily harm. Accordingly, the application to proceed *in forma pauperis* will be denied, and this action will be stayed pending receipt of the full filing fee.

**I.    Allegations of the Complaint**

On July 7, 2020, Gorbey underwent laser surgery for glaucoma in his left eye at the Geisinger Eye Institute in Danville, Pennsylvania. (Doc. 1, p. 5). Gorbey alleges that he signed the consent form before surgery without being able to read the entire consent form. (*Id.*). He further avers that he requested a copy of the consent form from the Geisinger Eye Institute, but has not yet received the form. (*Id.*).

**II.    Discussion**

Pursuant to 28 U.S.C. § 1915(g), a prisoner, who on three or more prior occasions while incarcerated, has filed an action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, must be denied *in forma pauperis* status unless he was in imminent danger of serious physical injury at the time that the complaint was filed. *Abdul-Akbar*, 239 F.3d at 310-11. Gorbey has had more than three prior actions or appeals dismissed as frivolous, malicious, or for failing to state a viable claim. *See Gorbey v. The Federal Bureau of Alcohol, et al.,* Civil No. 5:11-cv-

126 (N.D. W. Va. March 14, 2012) at (Doc. 26) (noting that Gorbey has filed eleven cases that have been dismissed as frivolous or for failure to state a claim upon which relief can be granted); *Gorbey v. District of Columbia, et al.*, Civil No. 2:09-cv-151 (S.D. Ind. 2009) at (Doc. 2) (noting that Gorbey was barred from proceeding *in forma pauperis* due to his three strike status under 28 U.S.C. § 1915(g)); *Gorbey v. Federal Bureau of Prisons, et al.*, Civil No. 5:10-cv-309 (M.D. Fla. 2010) at (Doc. 4) (imposing three strikes bar and citing previous strikes incurred by Gorbey).  Accordingly, he may not proceed *in forma pauperis* unless he was in imminent danger of serious physical injury at the time he filed the instant matter.

Allegations of imminent danger must be evaluated in accordance with the liberal pleading standard applicable to *pro se* litigants, although the Court need not credit "fantastic or delusional" allegations that "rise to the level of irrational or wholly incredible."  *Gibbs v. Cross*, 160 F.3d 962, 966-67 (3d Cir. 1998) (quotations omitted).  A prisoner need not allege an "existing serious physical injury" to qualify for the exception to the "three strikes" provision.  *Id.* at 967.  "It is sufficient that the condition [alleged] poses an imminent danger of serious physical injury."  *Id.*; *see also Abdul-Akbar*, 239 F.3d at 315.  Imminent danger must exist "contemporaneously with the bringing of the action.  Someone whose danger has passed cannot reasonably be described as someone who 'is' in danger, nor can that past danger reasonably be described as 'imminent.'"  *Abdul-Akbar*, 239 F.3d at 313.

In the present matter, Gorbey has failed to set forth any claims of imminent danger.  Rather, Gorbey asserts that he was coerced into signing the pre-surgery consent form.

3

(Doc. 2-1).  Gorbey has failed to meet the imminent danger exception to 28 U.S.C. §
1915(g) 's three strikes rule, and thus failed to make the requisite showing to allow him to
proceed *in forma pauperis*.  *See Brown v. City of Philadelphia*, 331 F. App'x 898 (3d Cir.
2009) (finding that the inmate demonstrated a pattern of abusing judicial process by
repeatedly filing frivolous actions, and affirming the district court's order dismissing the
complaint pursuant to § 1915(g)).  The Court finds that Gorbey was not under imminent
danger of serious physical injury when he initiated this action.  If Gorbey wishes to pursue
the claims in this action, he must pay the filing fee in full.  Failure to pay the full fee within
the time stated will result in dismissal of the complaint.

## III.    Conclusion

The Court will deny Gorbey's application to proceed *in forma pauperis* and direct him
to submit the requisite filing fee.  A separate Order shall issue.


Robert D. Mariani
United States District Judge

Dated: November ___, 2020